Mary M. COULTER, Appellant,

v.

E. L. COULTER, Appellee.
No. 12208.

United States Court of Appeals,
Sixth Circuit.

Feb. 10, 1955.

Hargadon, Bennett & LeMaire, Louisville, Ky., for appellant.

Jones, Keith & Ewen, Louisville, Ky., for appellee.

Before ALLEN, MILLER and STEWART, Circuit Judges.

PER CURIAM.

This case came on to be heard upon the record and briefs and oral argument of counsel:

And it appearing that the case arises out of an automobile accident in which the plaintiff below, mother of the owner of the car involved, sued her son, defendant below, for personal injury;

And it appearing that plaintiff was a guest in the automobile of defendant:

■ And it appearing that the accident occurred within the state of Kansas and the action is controlled by the law of that state;

And it appearing that the Kansas guest statute, G.S.1949, 8–122b, provides "That no person who is transported by the owner or operator of a motor vehicle, as his guest, without payment for such transportation, shall have a cause of action for damages against such owner or operator for injury, death or damage, unless such injury, death or damage shall have resulted from the gross and wanton negligence of the operator of such motor vehicle";

■■ And it appearing that, while evidence tending to show the lack of ordinary care in operation of the car was adduced, no evidence was presented to justify a finding that defendant was guilty of gross and wanton negligence, since under the Kansas decisions the test of gross and wanton negligence is a realization of the imminence of danger and a reckless disregard and complete indifference to the probable consequences. Frazier v. Cities Service Oil Co., 159 Kan. 655, 157 P.2d 822; In re Wright's Estate, 170 Kan. 600, 228 P.2d 911:

It Is Ordered that the judgment be and it hereby is affirmed.